IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| WILLIAM TERRANCE MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 13-2750-JDT-tmp |
| | ) | |
| JERRY LESTER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER TO MODIFY THE DOCKET
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

On September 25, 2013, Plaintiff William Terrance Martin, Tennessee Department of Correction ("TDOC") prisoner number 384489, an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (Docket Entries 1 & 2.)[1] After Plaintiff filed the required documents (D.E. 4), the Court issued an order on October 7, 2013, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28

---

[1] Although Plaintiff consistently lists his name as "Martin William," the TDOC inmate locator reflects that his name is William Terrance Martin. *See* http://apps.tn.gov/foil/. The Clerk is directed to MODIFY the docket to reflect Plaintiff's correct name.

U.S.C. § 1915(a)-(b) (D.E. 5). The Clerk shall record the Defendants as WTSP Warden Jerry Lester and Inmate Relations Coordinator ("IRC") First Name Unknown Gilbert.

The factual allegations of the complaint are as follows:

> Here the Administration is allowing me to stay in prison when I suppose to been release from the other prison and here. One in 2011 after the picture an registry no nothing after order came down on Aug 2 send to W.T.S.P. Mental Health program 2012.
>
> Here I was suppose to be released in Sept of 2012, paper work was stole gave away to another inmate. So went to p.c. in seg which threats to kill me came down my lawyer was suppose to file lawsuit on site 2 seg with torus paper work!! [A]lso money from my family officer give away to others Total to 38 hundred which is working today.
>
> They sent me a paper the Supreme Court file a level 3 response on that money this year.

(D.E. 1 at 2.) The prayer for relief states as follows:

> [G]et me out of this prison system cause it was suppose to be 2011, I flattened out! [A]ccording T.B.I. report at the other prison I've been down 10 years now. [A]lso give me money for pain an suffering that was done to me here and at the other place. [M]ake sure I get a lawyer or federal police to come and get me I'm not safe here it's a statewide hit on me all around Tennessee.
>
> Plus let get on whats the supreme courts was doing on my case cause its memorums missing from my clemcy through. [N]ow I'm asking to be release by [M]emphis feds or Jackson to a safe house like I'd ask the [F]ederal Bureau of [I]nvestigation for a long time go several agency I wrote in 2010 2011.

(Id. at 3.)

By way of background, on December 7, 2004, Martin pled guilty in the Circuit Court for Maury County, Tennessee, to four counts of aggravated sexual battery and four counts of rape of a child. He received an effective sentence of twenty years at 100%. On February

1, 2007, Martin filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Middle District of Tennessee, which was docketed as Martin v. State of Tenn., No. 1:07-0005 (M.D. Tenn.). Counsel was appointed to represent Martin and, on August 11, 2008, Martin filed a motion seeking to voluntarily dismiss the action to enable him to exhaust his claims in state court. (Id., Mot. for Voluntary Dismissal, D.E. 19.) On January 8, 2009, United States District Judge William J. Haynes, Jr. granted the motion and dismissed the case without prejudice. (Id., Order, D.E. 20.)

On October 4, 2011, Martin filed a petition pursuant to 28 U.S.C. § 2241 in this district, which was docketed as Martin v. Easterling, No. 11-1300-JDB-egb (W.D. Tenn.). He subsequently filed a petition pursuant to 28 U.S.C. § 2254 under the same docket number. (No. 11-1300, Am. § 2254 Compl., D.E. 13.) In an order issued on May 3, 2012, United States District Judge J. Daniel Breen construed the petition as arising under 28 U.S.C. § 2254 and transferred it to the Middle District of Tennessee, where the convicting court is located. (Id., Order, D.E. 15.) The case was docketed in the Middle District of Tennessee as Martin v. Easterling, No. 1:12-cv-0037 (M.D. Tenn.). After the State filed a motion to dismiss, Judge Haynes issued an order on October 4, 2012, granting the motion, dismissing the petition as untimely, and declining to issue a certificate of appealability. (Id., Mem., D.E. 44.) Judgment was entered on October 4, 2012. (Id., J., D.E. 46.) Martin did not appeal.

Martin is currently listed on the Tennessee Sexual Offender Registry maintained by the Tennessee Bureau of Investigation. *See* http://www.tbi.state.tn.us/sorint/.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

>     (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; *see also* Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

4

"A complaint can be frivolous either factually or legally." Hill, 630 F.3d at 470 (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)). "Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." Id. (citing Neitzke, 490 U.S. at 328-29).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness.

Id. at 471 (citations and internal quotation marks omitted).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." Williams, 631 F.3d at 383 (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); *see also* Brown v. Matauszak, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P.

5

8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, No. 09-5480, 2011 WL 1827441, at *4 (6th Cir. May 12, 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *cert. denied*, 132 S. Ct. 461 (2011).

To state a claim under 42 U.S.C. § 1983,[2] a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).

When a prisoner seeks to challenge the validity or duration of his confinement, his sole remedy is a petition for a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); *see also* Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity

---

[2] Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

6

of any confinement or to particulars affecting its duration are the province of habeas corpus."). Plaintiff cannot challenge the validity of his confinement under § 1983, and this Court cannot order his release even if his claims are meritorious.

The complaint contains no factual allegations against either of the named Defendants. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570.

The vague and conclusory allegations of the complaint are insufficient to allege a plausible claim for money damages against any party. It is not clear whether Plaintiff is attempting to assert a claim against Defendants Lester and Gilbert arising from the theft of his property. It also is unclear whether the alleged death threats came from Lester, Gilbert, another WTSP employee, or a fellow inmate.

Plaintiff's claim that he was subjected to death threats arises under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally* Wilson v. Seiter, 501 U.S. 294 (1991). An Eighth Amendment claim consists of both objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson, 501 U.S. at 298; Williams v. Curtin, 633 F.3d at 383; Mingus v. Butler, 591 F.3d 474, 479-80 (6th Cir. 2010). The objective component requires that the deprivation be "sufficiently serious." Farmer, 511 U.S. at 834; Hudson, 503 U.S. at 8; Wilson, 501 U.S. at 298.

To satisfy the objective component of an Eighth Amendment claim, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm,"

7

Farmer, 511 U.S. at 834; *see also* Miller v. Calhoun Cnty., 408 F.3d 803, 812 (6th Cir. 2005), or that he has been deprived of the "'minimal civilized measure of life's necessities,'" Wilson, 501 U.S. at 298 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)); *see also* Hadix v. Johnson, 367 F.3d 513, 525 (6th Cir. 2004). The Constitution "'does not mandate comfortable prisons.'" Wilson, 501 U.S. at 298 (quoting Rhodes, 452 U.S. at 349). "[R]outine discomfort 'is part of the penalty that criminal offenders pay for their offenses against society.'" Hudson, 503 U.S. at 9 (quoting Rhodes, 452 U.S. at 347). Thus, "extreme deprivations are required to make out a conditions-of-confinement claim." Id.

Just as the Constitution "does not mandate comfortable prisons," Wilson, 501 U.S. at 298 (quoting Rhodes, 452 U.S. at 349), it does not mandate polite prison guards. The law is clear that verbal harassment and threats do not violate the Eighth Amendment. Pasley v. Conerly, 345 F. App'x 981, 984 (6th Cir. 2009); Jones Bey v. Johnson, 248 F. App'x 675, 677-78 (6th Cir. 2007) (no Eighth Amendment claim for prison guard's "use of racial slurs and other derogatory language"); Miller v. Wertanen, 109 F. App'x 64, 65 (6th Cir. 2004) (a guard's verbal threat to sexually assault an inmate "was not punishment that violated [the prisoner's] constitutional rights"); Johnson v. Unknown Dellatifa, 357 F.3d 539, 546 (6th Cir. 2004) ("harassment and verbal abuse . . . do not constitute the type of infliction of pain that the Eighth Amendment prohibits"); Johnson v. Moore, 7 F. App'x 382, 384 (6th Cir. 2001) ("Allegations of verbal harassment and verbal abuse by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment. Nor do allegations of verbal harassment rise to the level of unnecessary and wanton infliction of pain proscribed

8

by the Eighth Amendment." (citation omitted)); Owens v. Johnson, No. 99-2094, 2000 WL 876766, at *2 (6th Cir. June 23, 2000) ("The occasional or sporadic use of racial slurs, although unprofessional and reprehensible, does not rise to a level of constitutional magnitude. The petty exchanges of insults between a prisoner and guard do not amount to constitutional torts." (citation omitted)); Miles v. Tchrozynski, No. 2:09-CV-11192, 2009 WL 960510, at *1 (E.D. Mich. Apr. 7, 2009) ("Even verbal threats by a corrections officer to assault an inmate do not violate an inmate's Eighth Amendment rights. Verbal threats and abuse made in retaliation for filing grievances are likewise not actionable." (citation omitted)). Thus, the complaint does not state a valid claim even if Lester or Gilbert personally threatened Plaintiff.

The complaint also does not state a valid claim if Lester or Gilbert failed to protect Plaintiff from other WTSP employees or a fellow inmate. "In the prison context, the Eighth Amendment imposes a duty on prison officials to take reasonable measures to guarantee the safety of the inmates." Clark v. Corr. Corp. of Am., 98 F. App'x 413, 415 (6th Cir. 2004). The objective component of an Eighth Amendment claim is not satisfied by allegations that an inmate reasonably feared assault:

> The plaintiff primarily requests monetary relief from the defendants in the form of compensatory and punitive damages. Requests for damages, however, seek to compensate plaintiffs for past injuries. See Carey v. Piphus, 435 U.S. 247, 254-57, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978). In this case, Wilson advances no allegation that the Aryan Brotherhood actually injured him physically. Nor does he even hint that he has suffered any emotional or psychological injury from the alleged threats. Even if he had claimed a non-physical injury such as fear of assault at the hands of the prison gang, however, monetary damages for such alleged harm would not have been appropriate in

9

*this* Eighth Amendment context. The Supreme Court itself has noted that "*extreme* deprivations are required to make out a conditions-of-confinement claim," Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (emphasis added), as opposed to an excessive force claim. No such egregious failures on the part of prison officials have been established here. Also, as the Seventh Circuit recently concluded in Babcock v. White, 102 F.3d 267, 272 (7th Cir. 1996):

> However legitimate [the plaintiff's] fears may have been, we nevertheless believe that it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment. [A] claim of psychological injury does not reflect the deprivation of "the minimal civilized measures of life's necessities," Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 . . . (1991); Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 . . . (1981), that is the touchstone of a conditions-of-confinement case. Simply put, [the plaintiff] alleges, not a "failure to prevent harm," Farmer, 511 U.S. [at 834], 114 S. Ct. 1970 . . ., but a failure to prevent exposure to risk of harm. This does not entitle [the plaintiff] to monetary compensation. *See* Carey, 435 U.S. 247, 258-59, 98 S. Ct. 1042, 55 L. Ed. 2d 252 ("In order to further the purpose of § 1983, the rules governing compensation for injuries caused by the deprivation of constitutional rights should be tailored to the interests protected by the particular right in question—just as the common-law rules of damages themselves were defined by the interests protected in the various branches of tort law.").

Wilson v. Yaklich, 148 F.3d 596, 601 (6th Cir. 1998) (alterations & ellipses in original); *see also* Osborne v. Little, No. 3:07-1290, 2008 WL 4057093, at *2-3 (M.D. Tenn. Aug. 29, 2008) (same). Because Plaintiff was not actually assaulted, there has been no Eighth Amendment violation.

A claim for deprivation of a prisoner's property is not actionable under § 1983 because he can file a claim with the Tennessee Claims Commission or a suit in state court. Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981). Therefore,

Plaintiff has no claim under 42 U.S.C. § 1983 arising from the conversion of money that his family sent him.

The Sixth Circuit recently held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013); *see also* Brown v. R.I., No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. Brown, 2013 WL 646489, at *1; Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every sua sponte dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a sua sponte dismissal may stand."); Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").

The deficiencies in Plaintiff's complaint cannot be cured by amendment because this Court cannot order Plaintiff's release and because he has no valid claim for money damages.

11

Therefore, the Court DISMISSES the action for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See* Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $455 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See* McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997). McGore sets out specific procedures for implementing the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(a)(2) by filing an updated

*in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect, without further action by the Court, upon expiration of the time for filing a notice of appeal, the dismissal of any appeal, or the affirmance of this Court's ruling on appeal, whichever is later.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                     s/ **James D. Todd**
                                     JAMES D. TODD
                                     UNITED STATES DISTRICT JUDGE